**Michael D. BILLBERRY,
Plaintiff–Appellant,**

v.

**Megan J. BRENNAN,\* Postmaster General, United States Postal Service, Defendant–Appellee.**

No. 13–55385.

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2015.\*\*

Filed July 31, 2015.

Michael D. Billberry, Whittier, CA, pro se.

Kristen M. Lee, Assistant U.S., Office of the U.S. Attorney Los Angeles, CA, for Defendant–Appellee.

Before: CANBY, BEA, and MURGUIA, Circuit Judges.

MEMORANDUM \*\*\*

Michael D. Billberry appeals pro se from the district court's summary judgment in his employment action alleging race and sex discrimination and retaliation under Title VII. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Hawn v. Exec. Jet Mgmt., Inc.,* 615 F.3d 1151, 1155 (9th Cir.2010), and we affirm.

The district court properly granted summary judgment on Billberry's race and sex discrimination claims based on the failure to convert him to a full time position because Billberry failed to raise a genuine dispute of material fact as to whether the proffered legitimate, nondiscriminatory reasons for defendant's actions were pretextual. *See id.* at 1155–56, 1158 (setting forth framework for analyzing a discrimination claim under Title VII and noting that evidence of pretext must be specific and substantial).

The district court properly granted summary judgment on Billberry's race and sex discrimination claims based on his termination because Billberry failed to raise a genuine dispute of material fact as to whether defendant treated similarly situated employees outside of Billberry's protected class more favorably. *See id.* at

---

\* Megan J. Brennan has been substituted for her predecessor, Patrick R. Donahoe, as Postmaster General under Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1156, 58–61 (individuals are similarly situated "when they have similar jobs and display similar conduct" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Billberry's retaliation claims because Billberry failed to raise a genuine dispute of material fact as to whether adverse actions were taken because of his protected conduct or whether the relevant decision makers were aware of his protected activity. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064–65 (9th Cir.2002) (setting forth elements of a retaliation claim under Title VII and explaining that the protected activity must be the "but for" cause of the adverse action); *see also Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir.2003) (decision maker's knowledge of protected activity necessary for causation).

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.